**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Florencio Roman-Lizarraga,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | CV 16-0656-TUC-DCB (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus filed in this court on October 3, 2016, by Florencio Roman-Lizarraga, an inmate currently held in the Arizona State Prison Complex in Tucson, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Roman-Lizarraga was convicted *in absentia* after a jury trial of "conspiracy to possess a narcotic drug for sale, possession of a narcotic drug for sale, and sale of a narcotic drug." (Doc. 24-1, p. 3) The trial court sentenced him to "concurrent ten-year terms for each offense." *Id.*

Roman-Lizarraga filed a notice of appeal, but counsel filed an *Anders* brief being unable to find any meritorious issues. (Doc. 24-1, p. 3) Roman-Lizarraga was given an opportunity to file a supplemental brief pro se, but he failed to do so. *Id.*; (Doc. 24-9) The appellate court independently searched the record for fundamental error and finding none, affirmed the convictions and sentences on October 27, 2011. (Doc. 24-1, pp. 2-4) Roman-Lizarraga did not file a petition for review with the Arizona Supreme Court. (Doc. 24-10)

On December 5, 2011, Roman-Lizarraga filed a notice of post-conviction relief (PCR). (Doc. 25, p. 3) He argued trial counsel and appellate counsel were ineffective for failing to prevent his being tried *in absentia*. (Doc. 25, p. 8) He further argued trial counsel failed to transmit the state's plea offer to him. *Id.* Had he been offered this plea agreement, he would have accepted it. *Id.*

The PCR court found no evidence that trial counsel or appellate counsel were ineffective and dismissed the petition on July 30, 2013. (Doc. 27, pp. 13-21) The court noted that trial counsel met with Roman-Lizarraga three days after the plea offer was made. *Id.* And while trial counsel refused to tell the court what transpired at that meeting, it is likely that the state's plea offer was a topic of discussion. *Id.* The court further noted that the defendant absconded eleven days later on December 1, 2009. *Id.* The Arizona Court of Appeals granted review but denied relief on February 25, 2014. (Doc. 27, pp. 48-50) The Arizona Supreme Court denied review on November 7, 2014. (Doc. 27, p. 52)

Almost two years later on September 28, 2016, Roman-Lizarraga constructively filed in this court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1) He filed a supplement on October 20, 2016. (Doc. 6)

Roman-Lizarraga claims (1) his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated when he was tried *in absentia*, (2) trial counsel was ineffective for failing to prevent his being tried *in absentia*, (3) his Constitutional rights were violated by his

---

[1] September 28, 2016 is the date the petition was placed in the prison mailing system. (Doc. 1, p. 21), *see Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010).

trial *in absentia*, trial counsel committed errors pretrial, at trial, and at sentencing, the trial court committed errors at trial, appellate counsel failed to raise colorable claims, his Fourth Amendment rights were violated by the police, and the appellate court failed to grant his ineffective assistance of counsel claims, and (4) trial counsel failed to collect character evidence. (Doc. 1); (Doc. 14, pp. 3-4)

On May 2, 2017, the respondents filed an answer arguing among other things that the petition is time-barred. (Doc. 23) Roman-Lizarraga did not file a reply.

The respondents are correct; the petition is time-barred.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for each of Roman-Lizarraga's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other statutory triggers apply to this case. 28 U.S.C. § 2244(d)(1).

On October 27, 2011, the Arizona Court of Appeals affirmed Roman-Lizarraga's convictions and sentences. (Doc. 24-1, pp. 2-4) He then had 35 days to file a petition for review with the Arizona Supreme Court. Ariz.R.Crim.P. 31.19(a) (30 days to petition the Arizona Supreme Court); Ariz.R.Crim.P. 1.3(a) (5 days added for service). His judgment became final when he failed to do so on December 1, 2011. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert. denied*, 555 U.S. 829 (2008).

The one-year limitation period ran for four days until December 5, 2011 when Roman-Lizarraga filed a notice of post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until the Arizona Supreme Court denied review on November 7, 2014. (Doc. 27, p. 52)

The limitation period began running the next day and expired 361 days later on November 3, 2015. *See Hemmerle*, 495 F.3d at 1077. Roman-Lizarraga constructively filed his petition on September 28, 2016. (Doc. 1, p. 21) It is time-barred.

In his petition, Roman-Lizarraga argues the limitation period should be equitably tolled because he "did not have access to [his] legal material," does not "read or speak English," and "was not advised of the statute of limitations." (Doc. 1, p. 21)

"[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Id.* "The

- 4 -

high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

Roman-Lizarraga asserts first that he "did not have access to [his] legal material[s]." (Doc. 1, p. 21) He further explains that he "was unable to obtain my legal materials from the court or the department of correction[s] and my lawyer did not [] respond to my request." *Id*. Under certain circumstances, difficulties in obtaining one's legal materials may justify equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (Equitable tolling was justified where the petitioner's attorney retained the petitioner's file for the duration of the limitation period and more than two months beyond despite numerous demands that the attorney file a timely petition.) Here, however, Roman-Lizarraga fails to explain specifically what difficulties he experienced and what he did to overcome those difficulties. Accordingly, he has failed to show that he acted diligently. Moreover, he does not explain what materials he sought and when he finally received them, if he did. Accordingly, he has not shown that his lack of legal materials "made it impossible to file [his] petition on time." *See Lakey v. Hickman*, 633 F.3d at 786.

Roman-Lizarraga further argues he is entitled to equitable tolling because he does not "read or speak English." (Doc. 1, p. 21) Again, he fails to show how this fact prevented him from filing a timely petition despite his diligent efforts. The pending petition is written in English, so he must have been able to find translation assistance at some point.

Finally, Roman-Lizarraga argues that he "was not advised of the statute of limitations." (Doc. 1, p. 21) While that may be the case, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Roman-Lizarraga further states that he is "raising a claim of actual innocence." (Doc. 1, p. 21) He does not, however, make any actual argument in support of this assertion.

//

//

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

DATED this 26th day of June, 2017.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge