# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Florencio Roman-Lizarraga,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-16-00656-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Leslie A. Bowman on December 16, 2016. Pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), she issued a Report and Recommendation (R&R) on June 26, 2017. (Doc. 31: R&R). She recommends this Court dismiss the Petition for Writ of Habeas Corpus because it is time-barred.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to the R&R "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R de novo.

*Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

## REPORT AND RECOMMENDATION

The Honorable Leslie A. Bowman, United States Magistrate Judge, considered the one-year statute of limitation period for a habeas claim and whether the limitation period was equitably tolled. She found the Petition is barred because the limited period for review began to run on the date the state court judgment became final, which was December 1, 2011. It ran for four days until December 5, 2015, when the defendant filed a notice for post-conviction relief, which tolled the limitation period until he was denied review on November 7, 2014. The limitation period began running again and the one-year period expired on November 3, 2015. Therefore, the Petition filed on October 3, 2016, is time-barred.

This Court agrees for the reasons explained by the Magistrate Judge that Petitioner's alleged lack of access to legal materials and inability to speak English are not sufficient to establish it was impossible to file his Petition on time. *See Lakey v. Hickman,* 633 F.3d 782, 286 (9th Cir. 2011) (entitlement to equitable tolling only if he pursued his rights diligently and some extraordinary circumstances prevented timely filing).

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or

specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) (providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law)). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses the Petition as time-barred.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation [Doc. # 31] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment

accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 14th day of August, 2017.

Honorable David C. Bury
United States District Judge